INGRAHAM
*v.*
COOK.

Rec. 1762.
Fol. 288.

A new Indorfer to a Writ will be ordered whenever it can be made to appear that the prefent Indorfer cannot anfwer Cofts.

## Ingraham *verf.* Cook & al.

IN this cafe, Ingraham, the Plaintiff, indorfed the Writ. It was urged by the Council for the Defendant, before the Trial, that Ingraham was gone in

---

the party offering the paper, it would feem that a divided court would have no power to admit it.

(1) The declaration in this cafe alleged that the defendant, a foap-boiler, " deceitfully contriving to defraud " the plaintiff, delivered him " unmerchantable foap of ftinking material," and " falfely affirmed the fame to be good and merchantable."

the Army, had no Eſtate, and could not anſwer the Coſts. It was ſaid *contra*, that a new Indorſer s never ordered but in the Cafe of abſconding inſolvent Debtors, and that the Plaintiff was in the Pay of the Government. But *the Court ruled*, that a new Indorſer ought to be found in every Cafe where it could be made to appear to the Court that there was Danger the preſent Indorſer could not anſwer Coſts. But a Witneſs was produced who knew the Plaintiff to have a conſiderable Sum of Money at Intereſt; upon which the Motion was ſilenced. (1)

(1) The Prov. Sts. of 1 Geo. 1 and 1 Geo. 2 (Anc. Chart. 406, 466) provided for the indorſement of all writs by the plaintiff or attorney, but contained no proviſion for finding a new indorſer in any cafe. The St. of 1784, c. 28, provided in addition, that where the plaintiff was not an inhabitant of the State, he ſhould procure a ſufficient indorſer who was, and alſo that where the writ was indorſed by plaintiff's attorney, if such attorney was ſhown to be of inſufficient ability, a new indorſer ſhould be ordered. This act was repealed by St. 1833, c. 50, which contains the proviſions ſubſtantially reënacted by the Rev Sts. c. 90, § 10, (Gen. Sts. c. 123, § 20; c. 129, § 29,) viz., making the indorſement a condition precedent only where the plaintiff is not an inhabitant of the State, and giving the Court diſcretionary power to require it wherever it appears reaſonable. But it ſeems that mere poverty of the plaintiff will not be conſidered ſufficient cauſe for ſuch requirement, in the abſence of vexation or oppreſſion. Per *Shaw*, C. J., 21 Pick. 212. An indorſer will be required where the plaintiff removes from the State during the pendency of the action. 8 Mass. 272. 1 Gray, 114. But the removal of a foreign plaintiff into the State does not have the effect to diſcharge the indorſer. 8 Met. 149.